# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

YIMAO ZHANG,

    Appellant
    Defendant Below,

    v.

JACK LINGO, INC., REALTOR

    Appellee
    Plaintiff Below.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. CPU6-21-000795

Submitted: May 25, 2022
Decided: August 5, 2022

Yimao Zhang
108 Belfast Road
Timonium, MD 21093
*Appellant Pro Se*

David C. Hutt, Esquire
Michelle G. Bounds, Esquire
Morris James LLP
107 W. Market Street
Georgetown, DE 19947
*Attorneys for Appellee*

## ORDER ON
## APPELLEE'S MOTION TO DISMISS,
## APPELLANT'S CROSS MOTION FOR SANCTIONS

This case is before the Court on appeal from a decision of the Justice of the Peace Court pursuant to 10 *Del. C.* § 9571.[1]

## PROCEDURAL AND FACUTAL HISTORY

October 14, 2019, Appellee filed a debt action against Appellant seeking a judgement for $5,141.78. Appellant denied liability and filed a counterclaim seeking $1,236.91. Appellee owned a property located at 17054 N. Brandt Street, Number 1307 in Lewes, Delaware. On November 3, 2018, Appellant entered into an exclusive rental listing agreement with Appellee. In the agreement, Appellee served as agent for Appellant and the owner (Appellant) would be responsible for all costs associated with maintaining the property. In addition, the agreement allowed Appellee to make repairs that cost up to $250 without the consent of the owner (Appellant).

The tenant in the unit owned by the Appellant complained about the smoker detectors "chirping" continually and Appellee sent an agent from their office to change the batteries. The chirping continued and Appellee hired John Shomper (Shomper) to check the smoke detectors. Shomper determined the smoke detectors needed to be replaced at a cost of $144.94. On July 3, 2019, the tenant complained the air conditioner was no longer cooling. Appellee again sent Shomper to investigate, and he replaced the filter, cleaned the evaporator and drain, and added three pounds of refrigerant for a cost of $296. The tenant complained the air conditioning continued to malfunction and Appellee sent Shomper to investigate. Shomper advised Appellee the whole unit needed to be replaced as it was 16 years old, and refrigerant continued to leak at a cost of $308. Appellee contacted Appellant who approved the replacement of the entire air conditioning system.

---

[1] Del. J.P. Order, C.A. No. JP-17-19-006342.

Appellee obtained two estimates and ultimately selected Morrison, Inc. to replace the air conditioning unit for $4,400 on July 8, 2019. In an email to Appellant, dated July 5, 2019, Appellant acknowledged the $4,400 cost and requested Appellee to attempt to rent out the unit for the last two weeks in August. Appellee contracted with Scott and Lori Kaufman to rent Appellant's property from August 16, 2019 through October 31, 2019. The tenants paid $1800 for August rent and $1,350 for September and October rent. In addition, starting in September the tenants paid an additional $68.58 per month for cable/internet service. After deducting a management fee and a $100 cleaning bill, Appellee deposited the remainder into Appellant's account. Appellant expected the entire amount to be deposited even though the October rent was not due until October 1. Appellant suspended cable/internet service on September 7, 2019. Due to the suspension of cable/internet, Appellee moved the tenants to an alternate accommodation and refunded $741.48 to the tenants. Appellee paid the $4,400 for the replacement of the air conditioning unit, the refund due to the suspension of the cable/internet service and charged $75 on three separate occasions as their processing fee.

On October 14, 2019, Appellee filed a debt collection action against Appellant. On October 31, 2019, Appellant filed an Answer and requested a trial. The Justice of the Peace Court heard the matter on January 29, 2020 and reserved decision. On February 28, 2020, the Justice of the Peace Court issued a decision in favor of Appellee granting a judgment of $5,066.78 with post-judgment interest at a rate of 7.25% annum. The Justice of the Peace Court found as to Appellant's counterclaim that Appellee over-charged its processing fee, as to the remaining claims there was insufficient proof. Appellant failed to file an appeal of the Justice of the Peace Court decision in favor of Appellee. Rather, on February 24, 2020, Appellant filed a "Response to your Judgment" and attached a copy of a summons for a case Appellant filed on February 24, 2020 in King County

3

District Court, West Division, Seattle, Washington. Appellant filed this case prior to the Justice of the Peace Court issuing its decision. On October 26, 2020, Appellant filed an "Answer to Your Judgment" requesting the Justice of the Peace Court extend the execution of the judgment due to new evidence discovered and an ongoing investigation and possible subsequent disciplinary action including a lawsuit. The Justice of the Peace Court took no action as no request to execute the judgment had been requested.

On February 11, 2021, Appellant filed a letter in the Justice of the Peace Court requesting what the Justice of the Peace Court considered a Motion to Vacate the current judgement pursuant to Rules 60(b)(2) and 60(b)(3) on the basis of newly-discovered evidence and fraud. Appellant asserted the Division of Professional Regulation imposed a cease-and-desist order against Shomper and his work on the air conditioning unit was illegal and he should be held responsible, as well as Appellee as they hired Shomper that equates to an illegal practice of doing business. Appellant attached a copy of a portion of an email she received stating "[O]n January 5, 2021, The Director of the Division of Professional Regulation issued a cease-and-desist order to Mr. Shomper which is an official disciplinary action." The Justice of the Peace Court scheduled the hearing for May 3, 2021, however due to a scheduling error Appellee failed to appear and thereafter notified the Justice of the Peace Court. On July 12, 2021, the Justice of the Peace Court held a hearing on the motion and reserved decision. On July 26, 2021, the Justice of the Peace Court issued its ruling finding there was no legal basis to vacate the judgment and denied Appellant's motion.

On August 5, 2021, Appellant filed an appeal of the Motion to Vacate Judgment decision from the Justice of the Peace Court. Appellant attached a "CounterComplaint" with a 27-page series of documents marked "Exhibit A." On October 29, 2021, Appellee filed a Motion to Dismiss asserting Appellant's Complaint as improper as it addresses issues outside of the instant appeal

4

which is limited to a review of the Justice of the Peace Court's decision on her Motion to Vacate Judgment, not the underlying trial or any other issues. In addition, Appellee asserted Appellant is not permitted to file a complaint or other initial pleading in this matter. On October 12, 2021, Appellant filed an "Objection to Appellee's Motion to Dismiss" and asserts there is no complaint to dismiss as she filed a countercomplaint and Court of Common Pleas Civil Rule 72.3 states an appeal shall be *De Novo*. In addition, Appellant asserts Appellee failed to file a complaint on appeal, and Appellee believes she is entitled to then file an Answer and countercomplaint which was timely filed. Appellant asserts she gets a trial *de novo* and the underlying case in this appeal is regarding a dispute over a short-term lease agreement and is not limited to the action of Appellee to collect an alleged debt. Appellant's counterclaim concerns overcharging tenants and withholding rental proceeds due to her and Appellant has required all of the appropriate filing requirements.

On November 15, 2021, Appellant filed a request for documents directed to Appellee. On December 2, 2021, Appellee filed a Motion to Stay Discovery and a Renewed Motion to Dismiss. On December 6, 2021, Appellant filed a Motion for Sanctions upon legal counsel for Appellee citing he had no basis to file the Motion to Dismiss because Appellant is entitled to a trial *de novo*, there is evidentiary support for Appellant's counterclaim and legal counsel for Appellee violated Court of Common Pleas Civil Rule 11(b)(1-3) and should be sanctioned according to Rule 11(c). On December 27, 2021 and January 18, 2021, Appellant files motions to compel discovery. On January 21, 2022, Appellee files an answer to the motion. On February 2, 2022, Appellant filed a response to Appellee's response. On February 15, 2022, the Court issued an order granting Appellee's Motion to Stay Discovery as of February 8, 2022 pending Appellee's Renewed Motion to Dismiss until 60 days after the Court issues a decision in the pending Motion to Dismiss. The

Court scheduled a hearing on the Motion to Dismiss and Motion for Sanctions for March 22, 2022. The Commissioner disclosed a possible conflict at the start of the hearing and Appellee requested the matter be heard by a Judge. On March 29, 2022, Appellee requested the Court provide interpreter services due to her language deficiency. The Court held a hearing on the Motion to Dismiss and the Motion for Sanctions on May 25, 2022 along with a Chinese-language interpreter via Zoom. Appellant stated on the record the interpreter was no longer needed. This Court reserved decision.

## PARTIES CONTENTIONS

Appellant asserts her appeal *de novo* encompasses her full trial below at the Justice of the Peace Court as well as new allegations. Appellant filed an answer and countercomplaint as she is allowed to do under the Court of Common Pleas Civil Rules of Procedure on an appeal. Appellee's argument that the matter on appeal is limited to the Motion to Vacate Judgment is against the law and State requirements. Appellant lived in the State of Washington at the time the original matter was filed against her and the time and cost to travel was prohibitive. The Justice of the Peace Court echoed Appellee's words each time and was completely biased and abusing their discretion.

Appellee asserts Appellant failed to appeal the original judgment ordered by the Justice of the Peace Court on February 28, 2020. Rather, almost a year later Appellant files a Motion to Vacate which was ultimately denied by the Justice of the Peace Court on July 26, 2021. Appellant filed a timely appealed of that decision, however, she is limited to the issue of the Motion to Vacate the Judgment as that is the final ruling of the Justice of the Peace Court. Appellant's countercomplaint and any other issues should be dismissed.

6

## STANDARD OF REVIEW

In considering motions to dismiss filed pursuant to CCP Civil Rule 12(b)(6), the Court must assume that all well-pled facts in the complaint are true.[2] The complaint should not be dismissed unless "the plaintiff would not be entitled to recovery under any reasonably conceivable set of circumstances susceptible to proof.[3] "The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff.""[4]

"An allegation, though vague or lacking in detail, is nevertheless, 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[5] While, the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by plaintiff.'[6] Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[7] Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[8]

---

[2] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[3] *Id.*
[4] *Abdul-Ahad v. Nationwide Mut. Fire Ins. Co.*, 2016 WL 4269512, at * 2 (Del. Com. Pl. Aug.10, 2016)
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Lawyer v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016). (internal citations omitted).

## DISCUSSION

Jurisdiction of this Court on appeals from the Justice of the Peace Court is governed by 10 *Del. C.* § 9571. [T]he notice of appeal shall be filed within 15 days from the entry of the final judgment, order or disposition from which an appeal is permitted by law.[9] An appeal to this Court that fails to join the identical parties and raise the same issues that were before the Court below shall result in dismissal on jurisdictional grounds.[10]

**Motion to Dismiss**

Appellant filed an appeal of the July 26, 2021 Justice of Peace Court's decision to this Court denying her Motion to Vacate Judgment. Appellant attached the decision to her Notice of Appeal as well as a "countercomplaint." The decision served as the Justice of the Peace Court's final judgment. Appellant failed to file an appeal of the original order entered against her after her trial in the Justice of the Peace Court. While Appellant understands the term *de novo*, she mistakenly believes her appeal re-starts the clock on the original debt action filed by Appellee in the Justice of the Peace Court and allows additional arguments and issues. While the Delaware State Code and this Court's Civil Rules allow Justice of the Peace Court matters to be appealed and heard by this Court *de novo*, it is the word **final** that is important. Rules surrounding time limits on appeals serve as a protection to the opposing party. As in the instant case, an Appellant filing an appeal of a matter decided two years earlier goes against all judicial fairness. The final proceeding held by the Justice of the Peace Court was not a trial, it was a hearing on a motion. Therefore, the matter before this Court *de novo* is a Motion to Vacate Judgment. Therefore, Appellant may not attach a "countercomplaint" as if the final matter below was a trial that was now being appealed.

---

[9] 10 *Del. C.* § 9571(a) and (b) and Ct. Com. Pl. Civ. R 72.3(b).
[10] Ct. Com. Pl. Civ. R. 72.3(f).

Appellant lives outside the State of Delaware and while this Court recognizes the difficulty in litigating from across the country, Appellant chose to try and file an action in her home state of Washington prior to the Justice of the Peace Court entering its initial judgment against her for the debt action. Unfortunately, Appellant chose the wrong avenue to proceed in this matter.

**Motion for Sanctions**

By representing to the Court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument, for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.[11] If after notice, and a reasonable opportunity to respond, the Court determines that subdivision (b) has been violated, the Court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.[12] A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate

---

[11] Ct. Com. Pl. Civ. R. 11(b)(1-3).
[12] Ct. Com. Pl. Civ. R. 11(c).

9

subsection (b).[13] If warranted, the Court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.[14]

The Court finds no evidence that Appellee or its legal counsel violated the Court of Common Pleas Civil Rule 11(b). Appellee responded to Appellants filing with a Motion to Dismiss due to the filing being outside the scope of the appeal. Appellant may feel this is a means to harass her or believes her filings are allowable under this Court's rules and the State Code, however this is just not the case. In litigation, an Appellee defending the judgment entered by a lower court in an appeal is reasonable and justified. Appellant chose to represent herself from the very beginning of the litigation with Appellee. While Appellant may believe her filings are acceptable and she understands the process of appealing this matter, unfortunately she is incorrect.

---

[13] Ct. Com. Pl. Civ. R. 11(c)(1).
[14] *Id.*

10

## CONCLUSION

For the foregoing reasons upon consideration of Appellee's Motion to Dismiss and the arguments heard during the May 25, 2022 hearing, **IT IS HEREBY ORDERED** this 5th day of August 2022 the Appellee's Motion to Dismiss is **GRANTED** as to Appellant's Complaint (Countercomplaint). Appellant may only be heard as to the Motion to Vacate Judgment. This Court may schedule a hearing in this matter. For the foregoing reasons upon consideration of Appellant's Motion for Sanctions and the arguments heard during the May 25, 2022 hearing, **IT IS HEREBY ORDERED** this 5th day of August 2022 the Appellant's Motion for Sanctions is **DENIED**.

The Honorable Rae M. Mims
Judge

Cc:     Shelly Swafford, Judicial Case Manager Supervisor

11